JOHN SITHER
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
202-514-5484
John.Sither@usdoj.gov

MARK S. SMITH
Senior Litigation Counsel
Office of the United States Attorney
District of Montana
316 N. 26th Street, #5018
Billings, MT  59101
(406) 247-4630
MSmith4@usa.doj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

BNSF RAILWAY COMPANY
and MONTANA RAIL LINK, INC.,

        Defendants.

**COMPLAINT**

Plaintiff, the United States of America, by authority of the Attorney General of the United States and acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges as follows:

## NATURE OF ACTION

1. This is a civil action pursuant to Sections 106 and 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. §§ 9606, 9607(a), to require Defendants to reimburse EPA response costs and perform response actions consistent with the National Contingency Plan, 40 C.F.R. Part 300, at the East Helena Superfund Site in East Helena, Montana.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action and the parties hereto pursuant to Sections 106, 107(a), and 113(b) of CERCLA, 42 U.S.C. §§ 9606, 9607(a), and 9613(b), and 28 U.S.C. §§ 1331, 1345, and 1355.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 139l(c), and 1395, and to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because the releases or threatened releases of hazardous substances that gave rise to the claims in this action occurred in this judicial district, and because the Site is located in this judicial district.

## DEFENDANTS

4. Defendant BNSF Railway Company ("BNSF") is a Delaware corporation doing business in the State of Montana. BNSF is liable as both an owner and operator under CERCLA Sections 107(a)(1) and (2).

5. Defendant Montana Rail Link ("MRL") is a Montana corporation doing business in the State of Montana. MRL is liable as an operator under CERCLA Section

107(a)(2).

6. Defendants are each considered a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

## GENERAL ALLEGATIONS

7. The East Helena Superfund Site is located in East Helena, Lewis and Clark County, Montana.

8. The Site includes the former lead and zinc smelter facility once owned and operated by the American Smelting and Refining Company ("ASARCO"), which from 1889-2001 was used to smelt ores from mines in Butte, Montana and other mining districts in the northern Rocky Mountains.

9. Air emissions from the smelting operations resulted in the release of unhealthy levels of lead into the environment at the Site. Lead is a hazardous substance within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

10. Due to the releases of hazardous substances into the environment from the smelter and other industrial operations at the Site, EPA placed the Site on the National Priorities List set forth at 40 C.F.R. Part 300, Appendix B, in September 1984.

11. Defendant BNSF owns an active railroad line that runs through the Site, which includes an operating railyard situated next to the ASARCO smelter. BNSF's corporate predecessors operated the railroad for many years, until leasing it to Defendant MRL.

12. Defendant MRL currently operates and has operated the railroad and the associated railyard since leasing it from Defendant BNSF in 1987.

13. As a result of the railroad operations of both defendants, lead and other hazardous substances have been disposed of at the Site.

14. On December 31, 2005, EPA began conducting a Remedial Investigation and Feasibility Study ("RI/FS") for Operable Unit 2 ("OU2") of the Site. OU2 includes Defendants' railroad through the Site and their operating railyard.

15. EPA selected certain remedial actions to be implemented at OU2 in a Record of Decision issued on September 17, 2009. These actions included soils removal and other remediation aimed at addressing the contamination of Defendants' railroad and railyard.

16. From 2013 to 2018, EPA completed remaining remedial design and conducted targeted remedial action activities in OU2. The remedial action activities included removal of contaminated soils along the railroad right-of-way owned by BNSF and operated by MRL. EPA performed cleanup along the railroad right-of-way up to Defendants' railyard.  At present the railyard itself remains un-remediated.

## FIRST CLAIM FOR RELIEF

17. The allegations contained in Paragraphs 1-16 are re-alleged and incorporated herein by reference.

16. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in part that:

(1) the owner and operator of a vessel or a facility, [or]
(2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which hazardous substances were disposed of, [and]
(4) . . . from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for --
    (A)  all costs of removal or remedial action incurred by the United States Government . . . not inconsistent with the national contingency plan[.]

18. Section 113(g)(2)(B) of CERCLA, 42, U.S.C. § 9613(g)(2) provides:

. . . In any such action described in this subsection [an action for recovery of costs under Section 107 of CERCLA], the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to

recover further response costs or damages.

19. Defendants' railyard is a location where hazardous substances have been deposited, stored, disposed of, placed or otherwise come to be located. It is thus a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

20. Hazardous substances, within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), were disposed of at the railyard at times relevant to this action.

21. There have been and releases within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), or the threat of releases of hazardous substances into the environment at or from the railyard.

22. The actions taken by the United States at the Site and in connection with the railyard constitute "response" actions within the meaning of Section 101(25) of CERCLA, 42 U.S.C. § 9601(25). The United States has incurred costs in performing those response actions and will incur costs in the future not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300.

23. At times relevant to this complaint, Defendant BNSF was the "owner" of the railyard, and the "operator" of the railyard at the time of disposal of hazardous substances at the Site, within the meaning of Section and 107(a) of CERCLA, 42 U.S.C. §§ 9607(a).

24. At times relevant to this complaint, Defendant MRL was the "operator" of the railyard at the time of disposal of hazardous substances there within the meaning of Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

25. Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), Defendants are jointly and severally liable to the United States and the State for all costs incurred and to be incurred by the United States with respect to the Railyard Property, including enforcement

costs.

## SECOND CLAIM FOR RELIEF

26. The allegations contained in Paragraphs 1-25 are re-alleged and incorporated herein by reference.

27. Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), provides in pertinent part:

> In addition to any other action taken by a State or local government, when the President determines that there may be an imminent and substantial endangerment to the public health or welfare or the environment because of an actual or threatened release of a hazardous substance from a facility, he may require the Attorney General of the United States to secure such relief as may be necessary to abate such danger or threat, and the district court of the United States in the district in which the threat occurs shall have jurisdiction to grant such relief as the public interest and the equities of the case may require.

28. The release or threatened release of hazardous substances at or from the railyard previously alleged may present an imminent and substantial endangerment to the public health or welfare or the environment within the meaning of Section 106(a) of CERCLA, 42 U.S.C. § 9606(a).

29. Defendants are jointly and severally liable under Section 106(a) of CERCLA, 42 U.S.C § 9606(a), for taking such actions as may be necessary to abate the imminent and substantial endangerment at the railyard.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff United States of America prays that this Court:

A. Order Defendants BNSF and MRL to perform the remedial actions for the railyard selected by EPA in the 2009 ROD;

B. Enter a declaratory judgment, pursuant to Section 113(g) of CERCLA, 42 U.S.C. § 9613(g), on liability for further response costs that will be binding in any subsequent action by the United States against Defendants to recover any further response

costs related to the Site;

  C. Award the United States the costs of this action, including attorney time; and

  D. Grant such other and further relief as the Court deems just and proper.

            Respectfully submitted,

            NATHANIEL DOUGLAS
            Deputy Section Chief
            Environmental Enforcement Section
            U.S. Department of Justice

            */s/ John Sither*
            JOHN SITHER
            Environmental Enforcement Section
            Environment and Natural Resources Division
            U.S. Department of Justice
            P.O. Box 7611
            Washington, D.C. 20044
            (202) 514-5484
            John.Sither@usdoj.gov

            LEIF M. JOHNSON
            United States Attorney
            District of Montana

            */s/ Mark S. Smith*
            MARK S. SMITH
            Senior Litigation Counsel
            Office of the United States Attorney
            District of Montana
            316 N. 26th Street, #5018
            Billings, MT 59101
            (406) 247-4630
            MSmith4@usa.doj.gov

OF COUNSEL
MAX GREENBLUM
Senior Enforcement Attorney
U.S Environmental Protection Agency
Region 8
1595 Wynkoop Street
Denver, CO 80209